IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JODIE LOUIS BYERS, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-2144-N-BK |
| § | |
| STATE OF TEXAS, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** as duplicative.

On September 8, 2021, Plaintiff Jodie Louis Byers filed a pleading titled "*Writ*" and a motion to proceed *in forma pauperis*. Doc. 3 (199-page "Writ" with attachments); Doc. 4. He alleges civil rights violations stemming from his false arrest in Garland, Texas, and the criminal prosecution of him in Dallas County case numbers. F2124192 and F2124193—pending in Criminal District Court Number 3—in which he is charged with evading arrest or detention with a vehicle and possession of a controlled substance.[1] Doc. 3 at 24-30; Doc. 3-1 at 1-33. Byers also appears to assert claims of, *inter alia*, neglect, discrimination, tampering with witnesses, concealment, extortion, obstruction of proceedings, conspiracy, retaliation, and fraud. Doc. 3 at

---

[1] The online docket sheets are available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on Sep. 10, 2021).

1-2. His claims here, however, are duplicative of those that were recently stayed by this Court in case number No. 3:21-CV-2063-B-BN to avoid interference with his pending state criminal prosecution. *See Byers v. City of Garland , et al.*, No. 3:21-CV-2063-B-BN (N.D. Tex. Sep. 1, 2021); Civ. Doc. 7. Indeed, except for the addition of individual judges and prosecutors as named defendants, the so-called "Writ" in Case No. 3:21-CV-2063-B-BN is identical to the one Byers filed in this case. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (finding complaint was duplicative because the plaintiff repeated the same factual allegations that he asserted in his earlier case, despite the new defendants); *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (affirming dismissal of *in forma pauperis* case as duplicative under § 1915(e) because any purported new claim obviously arose from the same decision challenged in prior cases).

Consequently, this case should be **DISMISSED WITHOUT PREJUDICE** as duplicative of Byers' stayed case pending in this Court. *Cf. Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding an *in forma pauperis* complaint is frivolous when it "duplicates allegations of another pending federal lawsuit by the same plaintiff," thus courts should ensure "the plaintiff obtains one bite at the litigation apple—but not more").

**SO RECOMMENDED** on September 21, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).